*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

---

### COMMONWEALTH *ex rel.* HENRY S. KEPNER *v.* DANIEL SHEPP.

A member of a town council, who is charged in a suggestion in the nature of a *quo warranto*, with having an interest in a contract for furnishing supplies to the borough of which he is an officer, must, in his plea, disclaim or justify.   If the plea contain nothing of substance, if no material issue could be formed upon it, judgment will be given upon the record, as if the bad plea had no existence.

Quo Warranto.

Opinion of the court by

PERSHING, P. J.   This is a *quo warranto* prosecuted by the commonwealth at the relation of Henry S. Kepner, chief burgess of the borough of Tamaqua, against the defendant, Daniel Shepp, and requires the latter to show by what authority he claims to exercise the office of councilman of said borough.   The material matters alleged in the suggestion are, that the defendant since the 5th day of August, 1873, has exercised and still does exercise, the franchises, rights, and privileges of a member and president of the town council of said borough of Tamaqua.   That on the day last aforesaid the said Daniel Shepp was interested in a contract for the furnishing to said borough of supplies and materials, to wit : in a contract for the furnishing of timber for the cribbing of Washington street, in said borough, whereby the said Daniel Shepp, according to the provisions of the act of assembly of said commonwealth, approved the 31st day of March, A. D., 1860, entitled "An act to consolidate, revise, and amend

the penal laws of this commonwealth," forfeited his said membership and office. By paragraph 66 of the act referred to, in the suggestions (Purdon's Dig. 334, pl. 95), it is made unlawful "for any councilman, burgess, trustee, manager, or director of any corporation, municipality, or public institutions, to be in anywise interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of any corporation, municipality, or public institution of which he shall be a member or officer, or for which he shall be an agent, nor directly nor indirectly interested therein, nor receive any reward or gratuity from any person interested in such contract or sale ; and any person violating these provisions or either of them shall forfeit his membership in such corporation, municipality, or institution, and his office or appointment thereunder, and shall be held guilty of a misdemeanor, and on conviction thereof be sentenced to pay a fine not exceeding five hundred (500) dollars." The defendant in his plea admits that he has, since the 5th day of August, A. D., 1873, exercised and still does exercise, the franchises, &c., of a member and president of the town council of the borough of Tamaqua, and as a defence to the averments contained in the suggestion, alleges, " That the relator is but a private individual, holding no relation by virtue of his office of chief burgess to entitle him to sue in the name of the commonwealth, nor in anywise compel the said Daniel Shepp by the law of the land to make answer thereto," and further, that " the defendant does not admit that he was interested in a contract for the furnishing to said borough of supplies and materials as stated in the suggestion filed but denies that he has by anything done in his office or by reason of the suggestion and the matters therein contained, forfeited his said membership and office." To this plea the relator has filed a demurrer. The first question is as to the right of Henry S. Kepner to appear as relator in the prosecution of this writ. The object of this proceeding is not like an action in which the plaintiff seeks to recover, and must, therefore, rely on his own right; but is for the purpose of excluding the defendant from the possession of an office or franchise from which the public have a right to demand his being ousted, unless he shows a complete legal title in himself. Wilcox on Corporations 266. The objects of the statute of 9 Anne, chap. 20, the provisions of which have been incorporated into our revised code, were, as indicated in the title, to render " the proceedings upon writs of mandamus and informations in the nature of *quo warranto* more speedy and effectual, and for the more easy trying and determining the rights of officers and franchises in corporations and boroughs." Section 4 of this statute provides that the information in the nature of *quo warranto* might be " at the relation of any person or persons desiring to sue or prosecute the same," against any person usurping, intruding into, or unlawfully holding or executing any corporate or borough office.

In Cole on Criminal Informations, p. 172, it is said, "An application for an information in the nature of *quo warranto* will be granted only at

the instance of a *competent relator, i. e.* one having a sufficient interest to warrant his interference." Our statute of the 14th June, 1836, relating to writs of *quo warranto* and mandamus, has received the same construction. Judge Strong says, in the Commonwealth *v.* Cluley, 6 P. F. S. 270, " But the statute of 9 Anne allowed information at the relation of any person desiring to sue or prosecute them, and under that statute the rule was that a private relator must have an interest. Our act, which substantially incorporates the provisions of. the British statute, has received the same construction. This court has construed the words " any person or persons desiring to prosecute the same" to mean any person who has an interest to be affected. They do not give a private relator the writ, in a case of public right involving no individual grievance. The next inquiry is, what is a sufficient interest on the part of a relator to warrant his interference in a case of this kind ? This question is answered by many authorities. A mere stranger to a corporation cannot, in general, be permitted to file a *quo warranto* information to impair the title of a corporation, Rex *v.* Kemp, 1 East. 46 ; Rex *v.* St. John, 2 Selv. N. P. 172 n., unless he can show that, as an inhabitant of a borough, he is subject to the jurisdiction of the body corporate. Rex *v.* Hodge, 2 B. & A. 344. In. Rex *v.* Brown, 3 T. R. 574, it is held that where the application is made merely to disturb the local peace, it is right to inquire into the motives of the party to see how far he is connected with the corporation, for this our own case. Commonwealth *v.* Jones, 2 Jones 365, is also an authority ; " but," says Ashurst, J., in Rex *v.* Brown, *supra,* " the ground on which this application is made is to enforce a general act of parliament, which interests all the corporations in the kingdom, and, therefore, it is no objection that the party replying is not a member of the corporation."

An inhabitant of a borough, who is subject and liable to be affected by the borough rates, is clearly a competent relator without being a burgess. Rex *v.* Parry, 6 Ad. & El. 810 ; Rex *v.* Quayle, 11 Ad. & El. 508 ; 2 Nev. & Per. 414. A burgess or other member of a corporation is a good relator, though the affidavits disclose matters tending to dissolve the corporation. Rex *v.* White, 5 Ad. & El. 613. Doubtless, in England, where the information is against the burgess or alderman of a borough, a corporator is held a fit relator. He has an interest. Comth. *v.* Cluley, *supra.* In the case in hand, the relator is not only an inhabitant of the borough of Tamaqua, subject to and liable to be affected by the borough rates, but he is admitted to be the chief burgess of that municipal corporation. In addition to this, this application is to enforce a general statute which extends to all corporations, municipalities, and public institutions of the State.

The statutes of 1860, under which this proceeding has been commenced, was intended to cut up by the roots a great and growing evil, which it seemed nothing short of legislative action could reach.
The effect of this legislation must not be crippled or des-

troyed by surrounding its enforcement with a hedge of technicality. We decide, as a question, that Henry S. Kepner has a sufficient interest to make him a competent relator. The second part of the plea is evaded. The suggestion specifically charges the defendant's interest in a contract for furnishing timber to the borough of which he was and is an officer, in violation of a positive statute forbidding it.

The defendant neither disclaims or justifies, and he must do the one or the other. For him to say he does not admit he was interested in a contract, is not to deny it: and not to deny is to confess. How the defendant's meaning is to be interpreted is a matter of conjecture, when, following his plea, he denies that "he has by anything done in his office, or by reason of the suggestion or the matters therein contained, forfeited his said membership and office."

Whether this is intended to be taken as a denial that he is in anywise, directly or indirectly, interested in the contract formally set forth in the suggestion, or is intended to allege, as a conclusion of law, that if interested this will not forfeit his title to the office he holds, is only known to the defendant himself. The plea is doubtful, ambiguous, and uncertain, and thus is in conflict with almost every established rule on the subject. It is a maxim in pleading that if the meaning of the words be equivocal, and two meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading, because it is to be presumed that everybody states his case as favorably to himself as possible. 1 Ch. pl. 237; Ste. pl. 378. Where the defendant pleads one insufficient plea, it amounts to a confession of the usurpation charged upon him. Rex *v.* Phillips, 1 Sta. 394. If the plea contain nothing of substance, if no material issue could be joined upon it, a repleader after a trial would be useless; judgment will be given upon the record as if the bad plea had no existence. James *v.* Lewis, 6 Wright 412, and authorities there cited.

In our opinion, no material issue can be formed on the plea filed in this case. We regard it as wholly insufficient, and, therefore, give judgment of ouster against the defendant.

And now, October 6, 1873, the court adjudge and determine that the said Daniel Shepp has forfeited his office as a member of the town council of the borough of Tamaqua, by reason of the matters contained in the suggestion filed in this case and not sufficiently denied by said Daniel Shepp, and do now adjudge that he be ousted and altogether excluded from his office of councilman aforesaid, and that he pay the costs of this proceeding. And it is ordered that a certified copy of this judgment be served by the sheriff of the county of Schuylkill upon the said Daniel Shepp forthwith, and a certified copy of the decree be also delivered by him to the clerk of the said town council of Tamaqua. Of all which the said sheriff is required to make due return.

Messrs. *Hughes & Farquhar* for relator; Hon. *Jas. Ryon*, for deft.